### CITY OF LEESBURG v. GRIZZARD, et al.
#### No. 6053.

Circuit Court, Lake County.

June 27, 1958.

Walter Warren, Leesburg, for plaintiff.

W. F. Robinson and C. Rogers Wells, both of Leesburg, for defendants.

T. G. FUTCH, Circuit Judge.

This is the second appearance of this cause before this court on the question of the sufficiency of the complaint. The first complaint was filed on July 5, 1956. On November 2, 1956, this court entered its order sustaining defendants' motion to dismiss, but allowing the plaintiff to amend. The plaintiff filed its amended complaint on November 15, 1956, and the defendants, on December 3, 1956, after having obtained order of court releasing them from default and permitting them to plead, filed answer to the amended complaint and incorporated in said answer another motion to dismiss the complaint.

Plaintiff's attorney set the motion for hearing before this court on January 3, 1957, but due to the illness of one of counsel for defendants, the hearing was not had at that time and the cause has occupied a status of innocuous desuetude since then—until June 17, 1958, when plaintiff's counsel gave notice for hearing on the motion to dismiss, to be had on June 25, 1958, when for some reason unexplained to the court, all parties were present and hearing was had.

Plaintiff bases its alleged cause of action on a certain written instrument, bearing date the 25th day of May, 1955, executed in behalf of the plaintiff, city of Leesburg, by J. L. Shelfer, mayor-commissioner, and R. K. Evans, city clerk and auditor, to which the corporate seal of the city was affixed, presumably by such officers, and further executed in behalf of the defendants in person.

This court in its ruling sustaining the motion to dismiss the original complaint, stated—"The complaint nowhere alleges any facts showing a compliance with the contracts on the part of the plaintiff, or a breach thereof on the part of the defendants. It follows therefor that the motion to dismiss for failure to state a cause of action must be granted." Accordingly, order of dismissal was entered, allowing the plaintiff 15 days within which to file an amended complaint.

The plaintiff did file an amended complaint on the 15th day of November, 1956, and within the time allowed by the order. The sole difference between the amended complaint and the original is that the amended complaint contains the following additional allegations—"That thereafter the plaintiff caused its engineers to prepare plans in accordance with said contract; thereafter estimates of the cost of said work, together with copies of the plans, were

delivered to the defendants herein, and they were fully advised at all times of the nature of the plans and the estimated cost of the material to be furnished and the work to be done, and the said defendants agreed to said plans and agreed to pay the cost."

A copy of the contract and a copy of the engineer's estimate of the total cost as called for in and by said contract are made parts of the original complaint by reference and attached thereto and are again referred to by, and made part of the amended complaint.

Neither the original nor the amended complaint show any contract between the parties, but if we acknowledge what is referred to as a contract to be a contract, there is yet no allegation of compliance with it on the part of the plaintiff, nor breach thereof on the part of the defendants, for the reasons set forth below.

The document referred to as a contract includes two conditions precedent, which necessarily had to be met before there was any obligation on the part of either party by reason of the alleged contract. The first condition precedent was that of furnishing plans and estimates of costs by the city, which it is alleged was complied with. The second condition precedent was that upon defendants' being notified that the city had received the plans and estimates, and copy of such estimates being furnished to the defendants—"they shall thereupon either pay in cash to first party an amount of money equal to said estimate or shall furnish a surety bond to first party conditioned to pay to first party, an amount of money required to install such sewage facility as specified in the plans."

The estimate of the engineers attached to and made part of the complaint shows a total cost of $24,891.25. The contract appears to have been intended to cover the cost of extension of and sewer service to the property of the defendants described in the document, yet the estimate is "for a sewage system for Beverly Shores Subdivision and the construction of facilities, including engineering expenses for surveying this system." However, neither the contract nor the estimate is of any moment so far as the alleged contract is concerned because the contract was never completed by the defendants either paying the money, or putting up the bond required—and therefore the city was under no obligation to the defendants so far as the alleged contract goes.

It may be that all these negotiations lead to some other agreement between the parties and that by reason of such other agreement, if such were made, the defendants may be obligated to the plaintiff in the amount claimed, but the plaintiff cannot claim or recover by reason of the alleged contract attached to the complaint.

Defendants complain that the alleged contract was ultra vires so far as the plaintiff city is concerned, but they are in no position to complain of that, if under some agreement with the city, they received and became obligated to the city to pay for some form of sewer facilities which the city claims to have installed.

At the hearing on the motion to dismiss, the court announced it would enter an order completely dismissing the cause of action, but on further consideration the city will be allowed to file one more amended complaint if it so chooses, and can do so setting up and alleging a valid claim against the defendants, which grew out of the negotiations above referred to, and it is accordingly ordered that the motion to dismiss the amended complaint is granted and the plaintiff is allowed until and including the 10th day of July, 1958, to serve defendants' attorneys with an amended complaint in accordance with the above stated specifications and to file the original with the clerk of this court, with certificate of counsel showing service of copy or copies on defendants' attorneys as provided by the rules of procedure of this court.